# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY JEANMARIE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-75** |
| **INDIAN HARBOR INSURANCE CO. et al.** | **SECTION: G** |

## ORDER AND REASONS

Before the Court is Plaintiff Anthony Jeanmarie, III's ("Plaintiff") "Motion to Remand."[1] Defendants Indian Harbor Insurance Co. ("Indian Harbor") and Lyft, Inc. ("Lyft") oppose the motion.[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion and remands this matter to the Civil District Court for the Parish of Orleans, State of Louisiana for further proceedings.

## I. Background

This litigation arises out of an automobile collision between Plaintiff and Defendant Jamie Lynn Roberts ("Roberts").[3] Plaintiff filed a Petition in the Civil District Court for the Parish of Orleans on August 4, 2021.[4] According to the Petition, on September 14, 2020, Roberts ran a stop sign at the corner of Dreux Avenue and Downman Road in New Orleans, Louisiana, and struck

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 11.

[3] Rec. Doc. 1. To date, Roberts has not been served.

[4] Rec. Doc. 1-1.

Plaintiff's vehicle.[5] In the Petition, Plaintiff alleges that Roberts is a citizen of Louisiana.[6] Plaintiff also asserts claims against Roberts' alleged employer, Lyft, and insurer Indian Harbor.[7]

Plaintiff filed this case in the Civil District Court for the Parish of Orleans on August 4, 2021.[8] On January 13, 2022, Indian Harbor removed the action to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332.[9] In the Notice of Removal, Indian Harbor asserts that removal is timely because it was filed within thirty days of Indian Harbor learning that the case was removable.[10] Specifically, Indian Harbor avers that on December 14, 2021, it learned from Plaintiff's counsel that Roberts was in fact a citizen of Florida, not Louisiana.[11] Indian Harbor asserts this established complete diversity among the parties and gave notice to Indian Harbor that the case was removable.[12]

Plaintiff then filed the instant motion to remand, arguing that the removal was untimely and that Defendant has not established complete diversity.[13] Indian Harbor and Lyft oppose the motion, arguing that removal was timely and that the parties are completely diverse.[14]

---

[5] Rec. Doc. 1-1 at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 1.

[9] Rec. Doc. 1.

[10] *Id.* at 2–3.

[11] *Id.*

[12] *Id.*

[13] Rec. Doc. 7.

[14] Rec. Doc. 11.

## II. Parties' Arguments

**B.      *Plaintiff's Arguments in Support of Remand***

In the motion, Plaintiff argues that removal was improper for two reasons.[15] First, Plaintiff contends that the removal was untimely.[16] Plaintiff asserts that a notice of removal must be filed within thirty days of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is . . . removable."[17] Plaintiff avers that Indian Harbor's removal was based on an oral "off-hand statement made by Plaintiff's counsel" that "Roberts may have once had a residence in Florida based on the address on the police report."[18] Plaintiff argues this is insufficient to make the case removable under the statute.[19] Further, even if that statement made the case removable, Plaintiff argues that the removal is still untimely because Roberts' Florida address was listed on the police report from this incident.[20] Plaintiff contends that, at the latest, Indian Harbor received this police report as an attachment to Plaintiff's discovery responses on October 12, 2021.[21] Either way, Plaintiff argues that Indian Harbor's January 13, 2022 removal was untimely.[22]

---

[15] Rec. Doc. 7-1.

[16] *Id.* at 2.

[17] *Id.* (quoting 28 U.S.C. § 1446).

[18] *Id.* at 2, 4.

[19] *Id.* at 2.

[20] *Id.* at 3 (citing Rec. Doc. 7-3).

[21] *Id.*

[22] *Id.*

Second, Plaintiff contends that Indian Harbor failed to establish complete diversity of citizenship.[23] Plaintiff asserts that "Roberts is no longer a citizen of Florida" and that, at the time of the collision, "Roberts was residing and working in Louisiana for Lyft, Inc."[24] Plaintiff avers that Roberts' former Florida address is listed on the police report—which Plaintiff notes was written a month after the collision—because that is the address listed on Plaintiff's vehicle registration, which expired in January 2021.[25] Therefore, even if Roberts was once a resident of Florida, Plaintiff avers that Roberts was a citizen of Louisiana at the time of the collision, the filing of the petition, and at the time of removal.[26]

## C.   *Indian Harbor and Lyft's Arguments in Opposition*

In opposition, Indian Harbor and Lyft advance three arguments. First, Indian Harbor and Lyft argue that, even if Indian Harbor's removal was untimely, Lyft's subsequently filed consent to removal was timely.[27] Indian Harbor and Lyft assert that since Lyft "properly set forth the elements of diversity jurisdiction when it timely joined and adopted Indian Harbor's removal

---

[23] *Id.* at 5.

[24] *Id.* at 5–6.

[25] *Id.* at 6.

[26] *Id.* at 5–6.

[27] Rec. Doc. 11 at 2. Indian Harbor construes Lyft's filing as a "Notice of Removal." *See id.* Lyft filed a "Joinder and Consent to Notice of Removal." *See* Rec. Doc. 9. Indian Harbor cites no authority—and this Court can find none—that a consent to removal constitutes an independent notice of removal. Conversely, although not binding on this Court, other district courts have held that a consent to removal filed after an untimely notice of removal does not "operate retroactively" because "[s]uch an approach would thwart the time limitations set out in the removal statutes." *Manis v. N. Am. Rockwell Corp.*, 329 F. Supp. 1077, 1078 (C.D. Cal. 1971). *See also Maybruck v. Haim*, 290 F. Supp. 721, 723 (S.D.N.Y. 1968). Another district court has held that the removal statute does not permit filing separate notices of removal, but instead requires defendants to "join the Notice of Removal" or "actually consent[] to such action." *Williams v. Equifax Info. Servs. LLC*, 359 F. Supp. 2d 1284, 1286 (M.D. Fla. 2005). This Court finds that reasoning persuasive and therefore will not treat Lyft's consent to removal as an independent notice of removal.

notice," that "eliminates th[e] unnecessary inquiry" of whether Indian Harbor's removal was timely.[28]

Second, Indian Harbor and Lyft argue that Robert's citizenship must be assessed at the time the Petition was filed and at the time of removal.[29] Indian Harbor and Lyft assert that Roberts was a citizen of Florida at the time the Petition was filed because "Roberts had a Florida address and cell phone number."[30]

Finally, Indian Harbor and Lyft argue that they should not be deprived of a federal forum because Plaintiff "falsely claimed" that Roberts was a Louisiana citizen.[31] Indian Harbor and Lyft assert that Plaintiff "knew" Roberts was a citizen of Florida when he filed the Petition.[32] Indian Harbor and Lyft further assert that Plaintiff "acted in bad faith . . . [b]y falsely alleging that . . . Roberts was a Louisiana citizen in [the] Petition."[33] Therefore, Indian Harbor and Lyft contend that Plaintiff "should not be permitted to benefit from manipulative maneuvers or knowing misrepresentation" and that the motion should be denied.[34]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[35] A federal court has subject matter jurisdiction over an action

---

[28] Rec. Doc. 11 at 2, 4.

[29] *Id.* at 5.

[30] *Id.* at 6.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 7.

[34] *Id.*

[35] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

"where the matter for controversy exceed the sum or value of $75,000" and the action "is between citizens of different states."[36] When removal is based on diversity of citizenship, the diversity "must exist both at the time of filing in state court and at the time of the removal."[37] "If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties."[38] The removing party bears the burden of demonstrating that federal jurisdiction exists.[39] On a motion to remand, in particular, the removing party bears the burden of establishing the citizenship of relevant parties for the purpose of demonstrating complete diversity.[40]

In *Coury v. Prot*, the Fifth Circuit laid out the framework for determining citizenship of natural person in § 1332 diversity cases:

> The [F]ourteenth [A]mendment to the Constitution provides that: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." However, "reside" has been interpreted to mean more than to be temporarily living in the state; it means to be "domiciled" there. Thus, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.[41]

Therefore, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile.[42] The Fifth Circuit has held that "domicile is established by physical

---

[36] 28 U.S.C. § 1332(a)(1).

[37] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

[38] *Id.*

[39] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[40] *See, e.g., Deep Marine Tech., Inc. v. Conmaco/Rector, LP*, 515 F. Supp. 2d 760, 768 (S.D. Tex. 2007).

[41] *Coury*, 85 F.3d at 248 (internal citations omitted).

[42] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797, 797–98 (5th Cir. 2007).

presence in a location coupled with an intent to remain there indefinitely."[43] Moreover, "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."[44]

"A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[45] "A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there."[46] However, "[t]here is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established."[47]

To determine a litigant's domicile, courts consider many factors, including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[48] While the court should consider where the litigant claims to be domiciled, his assertion is "entitled to little weight if it conflicts with the objective facts."[49] "In making a jurisdictional assessment, a federal court is not limited to the

---

[43] *In re Ran*, 607 F.3d 1017, 1022 (5th Cir. 2010) (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)).

[44] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citation and quotation marks omitted).

[45] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citing *Preston*, 485 F.3d at 797–98).

[46] *Mas*, 489 F.2d at 1399.

[47] *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003) (citing 15 Moore's Federal Practice, § 102.34 (3d ed. 2001)).

[48] *Coury*, 85 F.3d at 251.

[49] *Id.*

pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[50]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[51] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[52]

Additionally, 28 U.S.C. § 1446(b) governs the time limitations for removal of a case to federal court. Generally, a notice of removal must be filed within thirty days of the defendant receiving a copy of the initial pleading.[53] Yet, if the case is not originally removable, but it later becomes removable, a party may file a notice of removal within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.[54] "The information supporting removal in a copy of an amended pleading, motion, order or other paper . . . must be unequivocally clear and certain to start the time limit running."[55]

---

[50] *Id.* at 249.

[51] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[52] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[53] 28 U.S.C. § 1446(b)(1).

[54] *Id.* § 1446(b)(3).

[55] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608–09 (5th Cir. 2018) (citations and quotations omitted).

## IV. Analysis

Plaintiff moves the Court to remand this case, arguing that the removal was untimely and the parties are not completely diverse.[56] Indian Harbor and Lyft oppose, arguing that Lyft's consent to removal was timely which "eliminates that unnecessary inquiry."[57] Indian Harbor and Lyft further argue that the parties are completely diverse, asserting that Roberts was a citizen of Florida at the time the Petition was filed.[58]

The Court finds that the removal was untimely. If a state court pleading is initially not removable, a party may file a notice of removal within thirty days after the defendant receives "a copy of an *amended pleading, motion, order or other paper* from which it may first be ascertained" that the case is removable.[59] The original Petition was not removable, because the Petition alleges that Plaintiff and Defendant Roberts are both citizens of Louisiana.[60] Indian Harbor filed its Notice of Removal after Plaintiff's counsel made statements at Plaintiff's deposition indicating that Roberts was at some point in time not a citizen of Louisiana.[61] However, discovery responses can

---

[56] Rec. Doc. 7.

[57] Rec. Doc. 11 at 2.

[58] *Id.*

[59] 28 U.S.C. § 1446(b)(3) (emphasis added).

[60] Rec. Doc. 1-1.

[61] *See* Rec. Doc. 1 at 3, 5; Rec. Doc. 11 at 5. Plaintiff's and Indian Harbor's respective accounts of what Plaintiff's counsel actually said are drastically different. Plaintiff asserts that counsel indicated that it was an "oversight" that the Petition listed Robert's domicile as "Houma," and that it should have been "New Orleans." Rec. Doc. 7-1 at 3. Indian Harbor asserts that Plaintiff's counsel "knew that . . . Roberts was a citizen of Florida" and "admitted . . . that the domicile allegation had been erroneously ple[d]." Rec. Doc. 11 at 7. Indian Harbor purports to attach the deposition transcript, but included only the first three pages of the transcript, which contains no information about this alleged conversation between counsel. Rec. Doc. 11-2. Nevertheless, because an oral statement cannot be the basis for removal, the Court need not consider these varying accounts.

constitute an "other paper" under the removal statute.[62] Here, Plaintiff tendered a copy of the police report and Robert's vehicle registration card to Indian Harbor in discovery.[63] Both of these documents reflected Robert's purported Florida address.

Courts consider a wide array of information to determine where a person is domiciled, like where that person has a driver's license, owns property, pays taxes, or participates in other civic activities.[64] And, as mentioned, a defendant must remove within thirty days of receiving an "other paper" from which it is first ascertainable that a case is removable.[65] Here, Plaintiff asserts, and as Indian Harbor itself explains: "[Plaintiff] tendered the 'police report and vehicle registration card' showing . . . Roberts' address in Florida to Indian Harbor" on October 12, 2021.[66] Indian Harbor and Lyft assert that "the police report does not show where Roberts was domiciled."[67] However, both of these documents clearly suggest that Roberts may have been domiciled outside of Louisiana "from which [Indian Harbor] may [have] ascertained" that the case was removable.[68] Yet Indian Harbor did not file its Notice of Removal until three months later—well beyond the statutory thirty days.[69]

---

[62] *See, e.g.*, *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 Fed. App'x 437, 440 (5th Cir. 2011); *Seaux v. Wal-Mart Stores, Inc.*, No. 06-909, 2006 WL 2460843, at *3 (W.D. La. Aug. 22, 2006).

[63] Rec. Doc. 7-1 at 3; Rec. Doc. 11 at 4.

[64] *Coury*, 85 F.3d at 251.

[65] 28 U.S.C. § 1446(b)(3).

[66] Rec. Doc. 7-1 at 3; Rec. Doc. 11 at 4.

[67] *Id.*

[68] 28 U.S.C. § 146(b)(3).

[69] Rec. Doc. 1.

Additionally, the Court finds that Indian Harbor, as the removing party, has not carried its burden to show that the parties are completely diverse. The parties each point to conflicting evidence of where Roberts was domiciled. Plaintiff asserts that Roberts was a citizen of Louisiana because she was working for Lyft in New Orleans at the time of the collision, Robert's "significant other appeared at the crash site shortly after the collision," a LexisNexis search produced a Louisiana address for Roberts, and Plaintiff's attempt to serve Roberts at her alleged Florida address "was returned due to wrong address."[70] Indian Harbor and Lyft point to the police report, Robert's vehicle registration and driver's license, and her cell phone number as evidence that she was residing in Florida.[71] However, it is Indian Harbor's burden to demonstrate that federal jurisdiction exists.[72] Moreover, because the "removal statute should be strictly construed in favor of remand,"[73] "courts reviewing motions to remand and finding that neither plaintiff nor the removing defendant have offered sufficient evidence on the issue of citizenship resolve the matter in favor of remand."[74] Accordingly, the Court will remand this case to the Civil District Court for the Parish of Orleans.

---

[70] Rec. Doc. 7-1 at 6–7.

[71] Rec. Doc. 11 at 5–6.

[72] *See Allen*, 63 F.3d at 1335.

[73] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[74] *See, e.g.*, *Ramsey v. Chhean*, No. 20-2557, 2020 WL 7422913, at *4 (E.D. La. Dec. 18, 2020) (Africk, J.); *Robert v. Lambert*, No. 16-13746, 2016 WL 5662867, at *2 (E.D. La. Oct. 3, 2016) (Engelhardt, J.).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. The case is hereby remanded to the Civil District Court for the Parish of Orleans.

**NEW ORLEANS, LOUISIANA**, this  13th  day of May, 2022.


**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**